UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

JAMES SWANN, SR.,                          )
                                           )
         Plaintiff,                        )
                                           )
v.                                         )         No.   1:25-CV-215-TAV-CHS
                                           )
CORPORAL LANE, MAYOR OF                    )
BLOUNTVILLE, TN, and SHERIFF               )
JEFF CASSIDY,                              )
                                           )
         Defendants.                       )

**MEMORANDUM OPINION**

Plaintiff, an inmate in the Sullivan County Detention Center, has filed a complaint

for violation of 42 U.S.C. § 1983 [Doc. 2], a motion for leave to proceed *in forma pauperis*

[Doc. 1], and a certified copy of his prisoner trust account statement [Doc. 6].  For the

reasons that follow, the Court finds that Plaintiff may not proceed as a pauper in this action,

Plaintiff's motion to proceed *in forma pauperis* [Doc. 1] will be **DENIED**, and this action

will be **DISMISSED**.

I.       **PLAINTIFF'S IDENTITY**

As a Court in this District previously noted, both James Swann Sr. and James Swann

Jr., who appear to be related, have filed lawsuits in this District.  [*See Swann v. Washington

Cnty. Jail, et al.*, Case No. 1:22-CV-179, Doc. 7, p. 2 n.1].  In his motion for leave to

proceed *in forma pauperis* and complaint, Plaintiff states that he is James Swann Jr. [Doc.

1, pp. 1, 3; Doc. 2, pp. 1, 3].  However, as set forth above, Plaintiff's filings demonstrate

that he is confined in the Sullivan County Detention Center, which is also where the

incidents underlying his complaint occurred [Doc. 1, pp. 1, 3; Doc. 2; Doc. 6]. And the Court takes judicial notice that James Swann Sr. is incarcerated in the Sullivan County Detention Center, while James Swann Jr. is incarcerated in the Northwest Correctional Complex. *See* https://foil.app.tn.gov/foil/search.jsp (last visited July 31, 2025). *Oak Ridge Env't Peace All. v. Perry*, 412 F. Supp. 3d 786, 810 n.6 (E.D. Tenn. 2019) ("Information taken from government websites is self-authenticating under Fed. R. Evid. 902, and courts may accordingly take judicial notice of the information found on these websites." (citations omitted)).

As such, it is apparent that Plaintiff is James Swann Sr., not James Swann Jr. Accordingly, the Court has updated the style of the case on this memorandum opinion and the accompanying judgment order, and the Clerk is **DIRECTED** to update the Court's docket to reflect this.

## II.    28 U.S.C. § 1915(g) "THREE STRIKES"

Plaintiff is barred from proceeding *in forma pauperis* in this action because of the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). This provision provides that an inmate may not proceed *in forma pauperis* in a civil action if, as a prisoner, he has filed three or more cases that a court dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless "[he] is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

As a prisoner, Plaintiff has filed at least three cases that a Court dismissed for failure to state a claim upon which relief may be granted. *Swann v. Washington Cnty. Jail*, No. 1:22-CV-179, 2022 WL 4084416, at *1–2 (E.D. Tenn. Sept. 6, 2022) (listing cases)

(citations omitted). Accordingly, Plaintiff has accumulated at least three strikes under the PLRA and cannot file the instant suit, or any future suit, as a pauper unless he demonstrates that he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

## III.    IMMINENT DANGER EXCEPTION

The three strikes provision of the PLRA has an exception which allows a prisoner with three or more "strikes" to proceed *in forma pauperis* if his complaint contains "a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007).  This imminent danger exception "is essentially a pleading requirement subject to the ordinary principles of notice pleading."  *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (quoting *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011)).  The exception applies where a court, informed by its "'judicial experience and common sense,' could 'draw the reasonable inference'" that a plaintiff faced an existing danger when he filed the pleading.  *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)).

In his § 1983 complaint, Plaintiff alleges only that jail officials have taken money from his jail account because a check sent to him by a third party and sent to a bondsman was bad [Doc. 2, pp. 3–4].  These allegations do not allow this Court to draw a reasonable inference that Plaintiff was in imminent danger of serious physical injury when he filed his complaint.  Accordingly, Plaintiff may not proceed as a pauper in these proceedings.

3

## III.    CONCLUSION

For the reasons set forth above, Plaintiff's motion to proceed *in forma pauperis* [Doc. 1] will be **DENIED** pursuant to § 1915(g), and the instant action will be **DISMISSED** without prejudice to Plaintiff paying the filing fee in full.  *See In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002) (noting that prisoner's obligation to pay filing fee arises when complaint delivered to district court clerk).  Accordingly, this case will be **CLOSED**.

Also, the Court **CERTIFIES** that any appeal from this decision would not be taken in good faith and would be totally frivolous, such that any request for leave to proceed *in forma pauperis* on any subsequent appeal will be **DENIED**.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

4